JS - 6   LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-01728 GAF (JEMx) | Date | March 26, 2013 |
|---|---|---|---|
| Title | William Cohen v. Ralphs Grocery Company et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**     (In Chambers)

**ORDER REMANDING CASE**

**I.
INTRODUCTION & BACKGROUND**

    Plaintiff William Cohen brings this disability discrimination action against Defendant Ralphs Grocery Company. (Docket No. 1 [Not. of Removal ("Not.")], Ex. A [Compl.].) Specifically, Plaintiff asserts a violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51. (Compl. at 1.) Plaintiff also appears to be asserting claims generally under Cal. Civ. Code §§ 51-56, although numerous of those sections and subsections are inapplicable to Plaintiff's situation. (Id. ¶ 9.) Plaintiff seeks monetary damages as well as costs and fees. (Id. at 3.)

    Plaintiff filed this suit in California Superior Court on October 31, 2012. (Compl.) Defendant was served on February 25, 2013. (Not. of Removal ¶ 2.) Defendant removed this action to this Court on March 11, 2013 on the basis of federal question jurisdiction. (Id. at 1.) As discussed further below, because the Court finds that Plaintiff's Complaint asserts a state claim only, the Court <u>sua sponte</u> **REMANDS** this action to Los Angeles County Superior Court.

**II.
DISCUSSION**

**A. LEGAL STANDARD**

    Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time

JS - 6    LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-01728 GAF (JEMx) | Date | March 26, 2013 |
|---|---|---|---|
| Title | William Cohen v. Ralphs Grocery Company et al | | |

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. §§ 1441, 1331. "Federal district courts have original federal question jurisdiction of actions 'arising under the Constitution, laws, or treaties of the United States.'" Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987). "Generally, a claim 'arises under' federal law only if a federal question appears on the face of plaintiff's complaint." Hyung v. Kim, 2011 WL 1543821, at *1 (C.D. Cal. Apr. 25, 2011) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). Thus, the plaintiff is considered to be the "master of the complaint" and "may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l. Remediation, L.L.C. v. Dep't. of Health and Envt'l Quality of the State of Mont., 213 F.3d 1108, 1114 (9th Cir. 2000) (citation omitted). "However, under the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." Id. (internal quotation omitted). "Since its first articulation . . . courts have used the artful pleading doctrine in (1) complete preemption cases, and (2) substantial federal question cases." Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003) (internal citations omitted). If a complaint asserts only state law claims, a federal court may still have federal question jurisdiction over the dispute if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Rains v. Criterion Sys. Inc., 80 F.3d 339, 345 (9th Cir. 1996) (internal citation omitted) (emphasis in original).

**B. APPLICATION**

Defendant contends that because the Complaint alleges that "Defendant[']s acts were discriminatory under the Americans with Disabilities Act," 42 U.S.C. §§ 12101 et seq., (Compl. ¶ 11), the "claims are founded on a claim or right arising under the laws of the United States." (Not. ¶ 3.)

JS - 6  LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-01728 GAF (JEMx) | Date | March 26, 2013 |
|---|---|---|---|
| Title | William Cohen v. Ralphs Grocery Company et al | | |

　　　Defendant's argument is unavailing.  As noted above, the Ninth Circuit allows a plaintiff to "defeat removal by choosing not to plead independent federal claims."  ARCO, 213 F.3d at 1114.  Plaintiff's claim is predicated on state law violations only.  Plaintiff does allege that Defendant's acts were discriminatory under the ADA, but not as an independent federal claim.  Rather, Plaintiff appears to have done so because in addition to the specific rights guaranteed under Cal. Civ. Code § 51, subsection (f) also states: "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101–336) shall also constitute a violation of this section."  See also Cal. Civ. Code §§ 54(c) and 54.1(d).  Thus, violation of the ADA is merely an additional way in which Plaintiff can prove a violation of California state law; it is not "a necessary element of one of the well-pleaded state claims."  Rains, 80 F.3d at 345.  Here, Plaintiff specifically chose not to assert an independent federal claim for violation of the ADA.  That Plaintiff mentioned the violation of a federal statute in his Complaint does not transform this suit into a federal question case.  See Carpenter v. Raintree Realty, LLC, 2012 U.S. Dist. LEXIS 92406, at *5 (C.D. Cal. July 2, 2012) ("The mere fact that the Unruh Act incorporates violations of the ADA does not give this Court federal question jurisdiction over Plaintiff's state law claim.")

　　　Accordingly, the Court finds that there is no federal question jurisdiction in this case.

### III.
### CONCLUSION

　　　Accordingly, the Court finds subject matter jurisdiction lacking over this action.  The case is therefore **REMANDED** to Los Angeles County Superior Court.

　　　**IT IS SO ORDERED.**